UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CR-00105-JD-MGG |
| | ) | |
| JESSIE WADE RICHARDSON | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America through Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, by Molly E. Donnelly, Assistant United States Attorney, to submit the following memorandum in preparation for the sentencing hearing in this case.

**I.     The nature and circumstances of the offense.**

In November of 2019, Jessie Richardson suspected that his girlfriend, who worked at FedEx, was cheating on him. Richardson called FedEx over 200 times in less than a month. On the evening of November 12, Richardson called a FedEx call center since it was too late to get through to the South Bend facility and told the person who answered the phone that there was a bomb in the building and the building was going to blow up. The following day, Richardson called the South Bend facility directly and stated that there was a bomb in the building and he hoped the people inside were ready to die. The building was evacuated for safety and for law enforcement to investigate.

1

When Richardson was later arrested, he told investigators that his threatening phone calls accomplished his goal, namely keeping his girlfriend home with him instead of going into work.

## II.     The history and characteristics of Jessie Richardson.

Richardson's prior criminal convictions show a pattern of violence and threatening behavior. Richardson was first convicted at the age of 18 of misdemeanor theft, and then six years later he was convicted of misdemeanor intimidation of a police officer. Shortly thereafter he committed burglary and while serving his suspended sentence, he twice violated probation and committed multiple new offenses. He committed conversion in two separate cases and then possession of marijuana. In 2013 Richardson committed felony intimidation where he threatened a police officer. Less than a year later he committed battery and intimidation where he pushed his ex-girlfriend down a set of stairs and then punched and kicked her. Seven days later he committed invasion of privacy where he violated a protection order by making threats to burn an individual's house down and kill that person. Richardson's most recent conviction before the instant offense was for operating a vehicle while intoxicated and endangering a person.

Prior to his arrest, Richardson lived with his girlfriend and four children. Richardson's girlfriend indicated that she believes he has unresolved anger issues, but Richardson reported no issues. PSR ¶ 65. Prior to his arrest,

Richardson drank alcohol to intoxication nearly daily. He also used marijuana daily and crack cocaine one or two times a week. Richardson reported employment on an as needed basis prior to his arrest.

### III. The government's sentencing recommendation.

Richardson faces a sentencing range of 33-41 months. He has previously beaten a woman and threatened to kill someone and burn their house down. Here he threatened to blow up a FedEx building and kill everyone inside as a way to get his girlfriend to stop going to work. He previously violated probation and committed new offenses while on probation in multiple cases. The longest period of imprisonment to which he has previously been sentenced is two years. PSR ¶¶ 34-35.

The application notes to USSG § 2A6.1 state that an upward departure may be warranted if "the offense involved (i) substantially more than two threatening communications to the same victim, (ii) a prolonged period of making harassing communications to the same victim, (iii) substantially more than two false liens or encumbrances against the real or personal property of the same victim, (iv) multiple victims, or (v) substantial pecuniary harm to a victim." USSG § 2A6.1 App. Note 4(B). The government is not recommending an upward departure, but the considerations of the application note are relevant given that Richardson placed over 200 calls to FedEx to harass his girlfriend in less than a month.

The nature and circumstances of the offense and Richardson's history and characteristics point to a sentence above the low end of the guideline range. 18 U.S.C. § 3553(a)(1). The other § 3553(a) also weigh in favor of a significant sentence, namely the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from Richardson's further crimes. *Id.* at (a)(2)(A)—(C). The government recommends a sentence of 37 months of imprisonment, at the mid-point of the guidelines range, followed by a period of supervised release.

    Respectfully submitted,

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

By:   *s/ Molly E. Donnelly*
      Molly E. Donnelly
      Assistant United States Attorney
      United States Attorney's Office
      204 S. Main Street, Room M01
      South Bend, IN 46601
      (574) 236-8287
      molly.donnelly@usdoj.gov