**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>**JESSIE WADE RICHARDSON**<br><br>　　　　　　Defendant. | **CASE NUMBER: 3:19CR105-001**<br>**USM Number: 18196-027**<br><br>**DAVID P JONES**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on January 24, 2020.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:875(c) TRANSMIT A THREAT THROUGH INTERSTATE COMMUNICATIONS | November 13, 2019 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address or other material change in the defendant's economic circumstances until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

September 10, 2020
Date of Imposition of Judgment

s/ Jon E. DeGuilio
Signature of Judge

Jon E. DeGuilio, Chief Judge, U.S. District Court
Name and Title of Judge

September 10, 2020
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **33 months.**

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive substance abuse counseling more specifically the RDAP program, and a mental health evaluation and counseling, as well as anger management training and grief counseling, if available; and that the defendant be placed in a facility as close as possible to his family in the South Bend, Indiana area to facilitate regular family visitation.

The Court leaves it to the BOP to calculate any credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

## CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following conditions:

1. You must not commit another federal, state, or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must not unlawfully use any controlled substance, including marijuana, and must submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance.

4. You must cooperate with the probation officer with respect to the collection of DNA.

5. You must be lawfully employed full-time (at least 30 hours per week). If you are not employed full-time, you must try to find full-time employment under the supervision of the probation officer. If you become unemployed, or change your employer, position, or location of employment, you must tell the probation officer within 72 hours of the change. If after 90 days you do not find employment, you must complete at least 10 hours of community service per week until employed or participate in a jo ng program approved and directed by your probation officer.

6. You must report in person to the probation office, in the district which you are released, within 72 hours of release from the custody of the Bureau of Prisons. You must report to the probation officer in the manner and as frequently as the court or the probation officer directs; and you must notify the probation officer within 48 hours of any change in residence within 72 hours of being arrested or questioned by a police officer.

7. You must not travel knowingly outside the federal judicial district without the permission of the court. Alternatively, the probation officer will grant such permission when doing so will reasonably assure the probation officer's knowledge of your whereabouts and that travel will not hinder your rehabilitation or present a public safety risk.

8. You must truthfully answer any inquiry by the probation officer and must follow the instruction of the probation officer pertaining to your supervision and conditions of supervision. This condition does not prevent you from invoking the Fifth Amendment privilege against self-incrimination.

9. You must permit a probation officer to meet at your home or any other reasonable location and must permit confiscation of any contraband the probation officer observes in plain view. The probation officer will not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

10. You must not meet, communicate, or otherwise interact with persons whom you know to be engaged or planning to be engaged in criminal activity.

11. You must not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be weapon and capable of causing death or serious bodily harm).

12. You must not enter into any agreement to act as an informant or special agent of a law enforcement agency without the court's permission.

13. You must participate in a General Equivalency Degree (GED) Preparation Course, at your own expense, and use your best efforts to obtain a GED within the first year of supervision. Failure to pay these fees will not be grounds for imprisonment unless the failure is willful

14. Unless an assessment at the time of release from imprisonment or commencement of probation indicates to the court that participation is unnecessary, you must participate in a substance abuse treatment program or aftercare program. The court will receive notification of such assessment. You must abide by all treatment program requirements and restrictions, consistent with the conditions of the treatment provider. You will be required to participate in drug and /or alcohol testing, not to exceed 85 drug and/or alcohol tests per year. At the request of a treatment provider, probation officer, or you, the court may revise these conditions. While under supervision, you must not consume alcoholic beverages. You must pay all or a part of the costs for participation in the program, not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court. Failure to pay these costs will not be grounds for revocation unless the failure is willful.

15. You must not consume alcohol and must submit to random blood-alcohol or breathalyzer testing, at your own expense, through participation in a co-payment program administered by the probation office, as approved and directed by your probation officer. Failure to pay these fees will not be grounds for imprisonment unless the failure is willful.

16. You must participate in a job skill training and counseling program as approved and directed by the probation officer.

Case Number: 3:19CR105-001
Defendant: JESSIE WADE RICHARDSON                                              Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

Name: <u>JESSIE WADE RICHARDSON</u>
Docket No.: <u>3:19CR105-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                                    Date


_____     _____
U.S. Probation Officer/Designated Witness            Date